JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KATE LYNN BLATT

**DEFENDANTS**

CABELA'S RETAIL, INC.

**(b)** County of Residence of First Listed Plaintiff   Schuylkill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Sussex
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
TITLE VII  ADA  PHRA
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $  *Wxces*
15,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE
08/15/2014

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 343 Nichols Street, Pottsville, PA 17901

Address of Defendant: 100 Cabela Drive, Hamburg, PA 19526

Place of Accident, Incident or Transaction: 100 Cabela Drive, Hamburg, PA 19526

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities?        Yes☐   No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                       Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                       Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                       Yes☐   No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

SIDNEY L. GOLD, ESQUIRE _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 08/15/2014 _____ /s/ SIDNEY L. GOLD, ESQUIRE _____ SLG-21374
Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/15/2014 _____ /s/ SIDNEY L. GOLD, ESQUIRE _____ SLG-21374
Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/20)

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 343 Nichols Street, Pottsville, PA 17901

Address of Defendant: 100 Cabela Drive, Hamburg, PA 19526

Place of Accident, Incident or Transaction: 100 Cabela Drive, Hamburg, PA 19526

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities?                                          Yes ☐   No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                   Yes ☐   No ☒

CIVIL: (Place  X  in ONE CATEGORY ONLY)

A. Federal Question Case&

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

SIDNEY L. GOLD, ESQUIRE _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 08/15/2014                    /s/ SIDNEY L. GOLD, ESQUIRE          SLG-21374
                                        Attorney-at-Law                    Attorney I.D #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: 08/15/2014                    /s/ SIDNEY L. GOLD, ESQUIRE          SLG-21374
                                        Attorney-at-Law                    Attorney I.D.#

CIV. 609 (9/99)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

KATE LYNN BLATT

CIVIL ACTION

v

CABELA'S RETAIL, INC.

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.                                               ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.                        ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.               ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                        ( )

(e) Standard Management -- Cases that do not fall into any one of the other tracks.                                    (X)

08/15/2014
_____
Date

/S/SIDNEY L. GOLD, ESQUIRE
Attorney-at-law

/S/SIDNEY L. GOLD, ESQUIRE
Attorney for Plaintiff

Wiy. (60) 7195

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATE LYNN BLATT,                           :        CIVIL ACTION NO.:
                                           :
        *Plaintiff,*                       :
                                           :
            v.                             :
                                           :
CABELA'S RETAIL, INC,                      :
                                           :        **JURY TRIAL DEMANDED**
        *Defendant.*                       :

## COMPLAINT AND JURY DEMAND

## I.   PRELIMINARY STATEMENT:

    1.    This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Kate Lynn Blatt ("Plaintiff"), a former employee of Defendant, Cabela's Retail, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

    2.    This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), etseq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101, etseq. ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 etseq.

## II.   JURISDICTION AND VENUE:

    3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff's claims are substantively based on Title VII and the ADA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. On May 19, 2014, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

## III.    PARTIES:

6.      Plaintiff, Kate Lynn Blatt ("Plaintiff Blatt"), is a female and citizen of the Commonwealth of Pennsylvania, residing therein at 343 Nichols Street, Pottsville, Pennsylvania 17901.

7.      Defendant, Cabela's Retail, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of Nebraska, maintaining a place of business at 100 Cabela Drive, Hamburg, Pennsylvania 19526.

8.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant is and has been a "person" and "employer" as defined under the ADA, Title VII, and PHRA, and is accordingly subject to the provisions of each said act.

IV.     **STATEMENT OF CLAIMS:**

10.     At the time of her birth, Plaintiff Blatt's sex was designated male and her parents gave her the male name "James." However, Plaintiff Blatt's male gender designation assigned to her at birth does not conform to her female gender identity.

11.     In or about October of 2005, Plaintiff Blatt was diagnosed with Gender Dysphoria, also known as Gender Identity Disorder, a medical condition in which a person's gender identity does not match his or her anatomical sex at birth.

12.     As a result of her diagnosis, Plaintiff Blatt has taken steps to alter her physical appearance to conform to her female gender identity, including dressing in feminine attire, growing long hair, and engaging in hormone therapy in order to change her physical features. Additionally, Plaintiff Blatt has changed her name from "James" to "Kate Lynn" in order to conform to her correct gender.

13.     Plaintiff Blatt was employed by the Defendant from on or about September 17, 2006 until on or about March 1, 2007, the date of her unlawful termination.

14.     During the course of her employment with the Defendant, Plaintiff Blatt held the position of Seasonal Stocker, and at all times maintained an excellent job performance rating in said capacity.

15.     By way of background, Plaintiff Blatt was excited to begin her employment with the Defendant, as she is an active participant in outdoor sports, and highly knowledgeable about the same. Plaintiff Blatt felt that employment with Defendant would perfectly fit her skill set, knowledge, and interests.

16.     At the commencement of her employment with Defendant, Plaintiff Blatt was required to attend atwo (2) to three (3) day orientation. During said orientation, Plaintiff Blatt dressed in female attire and used the female restroom without issue.

17.     Immediately subsequent to orientation, Plaintiff Blatt was required to order a uniform, and requested a female uniform, as other female employees wore female uniforms. After failing to receive a response from the Defendant regarding the uniform, Plaintiff Blatt ordered and began to wear a female uniform. Additionally, Plaintiff Blatt requested a nametag that displayed her name, "Kate Lynn."

18.     Shortly thereafter, Sandy Gates ("Gates"), Human Resources Director, denied Plaintiff Blatt's nametag request, and forced her to wear a nametag stating that her name was "James," allegedly because employees were prohibited from wearing nametags depicting "fictitious" names. Gates further informed Plaintiff Blatt that she could obtain a nametag reading "Kate Lynn" when her name and gender marker were legally changed. Curiously, numerous male employees wore nametags depicting nicknames, such as "Rocky," "Bob," and "Jim." Further, Gates required all employees of the Defendant to refer to Plaintiff Blatt as "James" or face termination.

19.     Additionally, Gates prohibited Plaintiff Blatt from using the female restroom as she previously had until she provided Gates with documentation that her gender marker had been legally changed from male to female. Accordingly, Plaintiff Blatt was required to use the male restroom, a situation that was extremely uncomfortable for her, as she identified as female. Plaintiff Blatt reluctantly agreed, although other female employees were at all times permitted to use the female restroom.

20.     In or about early October of 2006, Terry (LNU), Third Shift Manager, abruptly called Plaintiff Blatt into a meeting and accused her of failing to "pull her weight." Terry further advised Plaintiff Blatt to consider leaving her employment with Defendant. Curiously, at all relevant times, Plaintiff Blatt's job performance was excellent, and Terry's critiques were completely unjustified and discriminatory.

21.     Immediately thereafter, numerous employees began subjecting Plaintiff Blatt to constant degrading and discriminatory comments on the basis of her sex. By way of example, Plaintiff Blatt was commonly referred to as "he/she," "ladyboy," "fag," "sinner," and "freak." Egregiously, Plaintiff Blatt was often additionally subjected to offensive questions, such as "Do you have a penis?"

22.     In response, Plaintiff Blatt continually reported the discriminatory conduct, both verbally and in writing, to Lou Bowers ("Bowers"), Supervisor, who upon information and belief reported her complaints to the Defendant's upper level management, and to Gates. However, Defendant failed to conduct an investigation or take steps to cause said discriminatory conduct to cease.

23.     Additionally, the Defendant treated Plaintiff Blatt significantly differently than other similarly-situated employees. By way of example, the Defendant required Plaintiff Blatt to remain secluded from other employees in one area of the store. Other Stockers stocked products throughout Defendant's store, while Plaintiff Blatt was required to stock only in Defendant's "Gifts Department." Further, while other Stockers worked in teams, Plaintiff Blatt was consistently required to work by

herself.Theseclusion Plaintiff Blatt experienced humiliated her and made her feel like a lesser employee.

24.     Further, Plaintiff Blatt was required to work on the third shift at all times. It is Plaintiff Blatt's belief that said requirement was enacted in order to keep her out of the sight of Defendant's customers.

25.     In or about November of 2006 and continuing throughout the course of her employment, Plaintiff Blatt applied for several promotions with Defendant for which she was well qualified. Although Plaintiff Blatt's job performance was exemplary, Defendant refused to consider her for said positions. Significantly, Bowers informed Plaintiff Blatt that Defendant's corporate office had explicitly instructed him not to promote Plaintiff Blatt, although he felt that she was well-qualified for the positions.

26.     After applying for one of the aforesaid promotions, specifically the position of Maintenance Technician, Plaintiff Blatt overheard the current Maintenance Manager state to Bowers, "Can you believe this cross-dressing gay fruit wants a job in my department? The confused sicko can't figure out that he is gay and admit it. I won't interview him under any circumstances." Although Plaintiff Blatt reported said discriminatory comment to Gates, Defendant failed to take corrective action.

27.     On or about January 29, 2007, an Order was entered in the Schuylkill County Court of Common Pleas to both legally change Plaintiff Blatt's name from "James Benjamin Blatt" to "Kate Lynn Blatt," and change her gender designation from male to female.

28.     Immediately thereafter, Plaintiff Blatt provided Gates with a copy of documentation of the legal change of both her name and gender designation, and requested the use of the female restroom as reasonable accommodation, as well as a new nametag depicting her legal name. In response, Gates informed Plaintiff Blatt that she would need to send the information to Defendant's corporate office and receive a response before Plaintiff Blatt could start being treated as a woman. Said response came as an unwelcome surprise to Plaintiff Blatt, as Gates had previously assured her that she would be able to change her nametag and use the female restroom as soon as her gender designation was legally changed.

29.     Shortly thereafter, Gates blatantly denied Plaintiff Blatt's request to use the female restroom as reasonable accommodation, egregiously noting that because Plaintiff Blatt had not taken any time off from work, she could not have undergone sex reassignment surgery. Accordingly, Gates expressed her completely unfounded concern that because Plaintiff Blatt was not anatomically female, she could potentially rape or sexually assault a person in the female restroom. Plaintiff Blatt was extremely offended and humiliated by Gates'scomments and beliefs.

30.     Initially, Bowers informed Plaintiff Blatt that the prevailing idea presented during a staff meeting was to require Plaintiff Blatt to utilize the restroom at a Dunkin Donuts establishment across the street from Respondent's store. Plaintiff Blatt adamantly refused, as said requirement would force her to leave Defendant's store every time she needed to use the restroom, and would subject her to humiliation based on the

Defendant's belief that she did not belong in the female restroom. Further, no other

female employees were required to utilize the Dunkin Donuts restroom.

31.    As an alternative "solution," Gates reluctantly permitted Plaintiff Blatt to

use the unisex "family" restroom in the front of Defendant's store. However, said

restroom was located approximately 400 to 500 feet away from Plaintiff Blatt's work

area, which was significantly further than the employeerestrooms, and was much less

cleanly than the employee restrooms. Further, walking to the family restroom caused

Plaintiff Blatt severe embarrassment and feelings of ostracization.

32.    Although Defendant did eventually issue Plaintiff Blatt a "Kate Lynn"

nametag, Plaintiff Blatt was forced to repeatedly complain to Gates in an effort to attain

said nametag. Defendant issued Plaintiff Blatt three (3) nametags with an incorrect name

before providing her with a nametag reading "Kate Lynn," which is her legal name, in an

attempt to embarrass and degrade her.

33.    On or about February 26, 2007, Plaintiff Blatt was involved in an

altercation with Mercedes Ramirez ("Ramirez"), Maintenance Technician. During said

altercation, Plaintiff Blatt amicably approached Ramirez and asked her a question

regarding her cleaning schedule. Ramirezresponded by berating Plaintiff Blatt for causing

a change in the restroom cleaningschedule, and verbally attacked her by yelling various

offensive remarks and obscenities, including, but not limited to, "You're not a real

woman and you never will be!" Plaintiff Blatt was extremely upset and humiliated as a

result of said altercation. In response, Plaintiff Blatt immediately reported the incident to

Bowers.

34.     On or about March 1, 2007, the Defendant abruptly terminated Plaintiff Blatt's employment with the Respondent, allegedly for threatening Ramirez's son during the aforementioned altercation. However, Plaintiff Blatt never made any threats toward Ramirez or her son, and in fact, was unaware that Ramirez even had a son.

35.     Interestingly, Ramirez was neither terminated nor disciplined for her involvement in said altercation.

36.     Plaintiff Blatt believes that Defendant's articulated reason for her termination waspretextual and that her employment was actually terminated based on her sex, her actual and/or perceived disability and/or record of impairment, and in retaliation for opposing unlawful discrimination in the workplace and requesting a reasonable accommodation for her disability.

### COUNT I
**(Title VII - Sex Discrimination, Hostile Work Environment)**
**Plaintiff Blatt v. Defendant**

37.     Plaintiff Blatt incorporates by reference paragraphs 1 through 36 as though fully set forth at length herein.

38.     The Defendant subjected Plaintiff Blatt to a hostile working environment and sex discrimination based on her gender and gender nonconformity, as detailed above.

39.     The hostile work environment was severe and pervasive based on the nature of the harassment, including egregious statements made by numerous employees expressing animus towards Plaintiff Blatt's gender and gender nonconformity, the constant and unwavering harassment and derogatory comments towards Plaintiff Blatt based on her gender and gender nonconformity, and Defendant's blatant denial of

Plaintiff Blatt's right to use the female restroom, as a female employee, because of her gender and gender nonconformity.

40.     Plaintiff Blatt considered the aforementioned conduct to be discriminatory, and reported said discriminatory conduct, both verbally and in writing, to numerous management level employees of Defendant, including, but not limited to, Gates and Bowers.

41.     Accordingly, Defendant was fully aware of the hostile work environment. However, despite Plaintiff Blatt's numerous complaints of discrimination, Defendant failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

42.     Rather than cause the discriminatory conduct to cease, Defendant terminated Plaintiff Blatt's employment, allegedly due to an altercation with an employee. However, Defendant's reason for Plaintiff Blatt's termination is pretextual, and her employment was actually terminated because of her gender and gender nonconformity.

43.     Accordingly, Defendant's discriminatory acts have deprived Plaintiff Blatt of equal employment opportunities because of her sex in violation of Title VII.

44.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Blatt sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

45.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT II
### (Title VII - Retaliation)
### Plaintiff Blatt v. Defendant

46.    Plaintiff Blatt incorporates by reference paragraphs 1 through 45 as though fully set forth at length herein.

47.    The actions of Defendant, through its agents, servants, and employees, in subjecting Plaintiff Blatt to retaliation for opposing unlawful discrimination in the workplace, constituted a violation of Title VII.

48.    Defendant terminated Plaintiff Blatt's employment in retaliation for registering numerous complaints of discrimination in the workplace.

49.    The reason articulated for Plaintiff Blatt's termination is pretextual, and her employment was actually terminated in retaliation for opposing unlawful discrimination in the workplace.

50.    As a direct result of the aforesaid unlawful retaliatory practices engaged in by the Defendant in violation of Title VII, Plaintiff Blatt sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

51.    As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

<u>**COUNT III**</u>
**(PHRA - Sex Discrimination, Hostile Work Environment)**
<u>**Plaintiff Blatt v. Defendant**</u>

52.    Plaintiff Blatt incorporates by reference paragraphs 1 through 51 as though fully set forth at length herein.

53.    The Defendant subjected Plaintiff Blatt to a hostile working environment and sex discrimination based on her gender and gender nonconformity, as detailed above.

54.    The hostile work environment was severe and pervasive based on the nature of the harassment, including egregious statements made by numerous employees expressing animus towards Plaintiff Blatt's gender and gender nonconformity, the constant and unwavering harassment and derogatory comments towards Plaintiff Blatt based on her gender and gender nonconformity, and Defendant's blatant denial of Plaintiff Blatt's right to use the female restroom, as a female employee, because of her gender and gender nonconformity.

55.    Plaintiff Blatt considered the aforementioned conduct to be discriminatory, and reported said discriminatory conduct, both verbally and in writing, to numerous management level employees of Defendant, including, but not limited to, Gates and Bowers.

56.     Accordingly, Defendant was fully aware of the hostile work environment. However, despite Plaintiff Blatt's numerous complaints of discrimination, Defendant failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

57.     Rather than cause the discriminatory conduct to cease, Defendant terminated Plaintiff Blatt's employment, allegedly due to an altercation with an employee. However, Defendant's reason for Plaintiff Blatt's termination is pretextual, and her employment was actually terminated because of her gender and gender nonconformity .

58.     Accordingly, Defendant's discriminatory acts have deprived Plaintiff Blatt of equal employment opportunities because of her sex in violation of the PHRA.

59.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

60.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (PHRA - Retaliation)
### Plaintiff Blatt v. Defendant

61.     Plaintiff Blatt incorporates by reference paragraphs 1 through 60 as though fully set forth at length herein.

62.     The actions of Defendant, through its agents, servants, and employees, in subjecting Plaintiff Blatt to retaliation for opposing unlawful discrimination in the workplace, constituted a violation of the PHRA.

63.     Defendant terminated Plaintiff Blatt's employment in retaliation for registering numerous complaints of discrimination in the workplace.

64.     The reason articulated for Plaintiff Blatt's termination is pretextual, and her employment was actually terminated in retaliation for opposing unlawful discrimination in the workplace.

65.     As a direct result of the aforesaid unlawful retaliatory practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

66.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (ADA – Disability Discrimination, Failure to Accommodate)
### Plaintiff Blatt v. Defendant

67.     Plaintiff Blatt incorporates by reference paragraphs 1 through 66 of her Complaint as though fully set forth herein.

68.     The actions of the Defendant, through its agents, servants and employees, in discriminating against Plaintiff Blatt on the basis of her actual and/or perceived disabilities and/or record of impairment, and failing to provide reasonable accommodation for her disability, constituted violations of the ADA.

69.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Blatt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

70.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VI
### (ADA - Retaliation)
### Plaintiff v. the Defendant

71.     Plaintiff incorporates by reference paragraphs 1 through 70 of her Complaint as though fully set forth herein.

72.     The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Blatt for requesting a reasonable accommodation, and for opposing unlawful disability discrimination in the workplace, constituted a violation of the ADA.

73.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Blatt sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

74.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VII
### (PHRA - Disability Discrimination, Failure to Accommodate)
### Plaintiff v. the Defendant

75.     Plaintiff Blatt incorporates by reference paragraphs 1 through 74 of her Complaint as though fully set forth herein.

76.     The actions of the Defendant, through its agents, servants and employees, in discriminating against Plaintiff Blatt on the basis of her actual and/or perceived disabilities and/or record of impairment, and failing to provide reasonable accommodation for her disability, constituted violations of the PHRA.

77.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

78.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VI
### (PHRA - Retaliation)
### Plaintiff v. the Defendant

79.    Plaintiff incorporates by reference paragraphs 1 through 78 of her Complaint as though fully set forth herein.

80.    The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff for requesting a reasonable accommodation in the workplace, and for opposing unlawful disability discrimination, constituted a violation of the PHRA.

81.    As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

82.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Blatt suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

83.     Plaintiff Blatt incorporates by reference paragraphs 1 through 82 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Blatt requests that this Court enter judgment in her favor and against the Defendant, and order that:

a.     Defendant compensate Plaintiff Blatt with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination.

b.     Defendant compensate Plaintiff Blatt with an award of front pay, if appropriate;

c.     Defendant pay to Plaintiff Blatt punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.     Defendant pay to Plaintiff Blatt, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.
By:   /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.:  21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
**Attorney for Plaintiff**

DATE:      August 15, 2014

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE 8/11/14

KATE LYNN BLATT, Plaintiff